**Ruth KORONTHALY, individually and on behalf of all others similarly situated, Appellant**

v.

**L'OREAL USA, INC., a New York Corporation; The Procter and Gamble Distributing LLC, an Ohio Corporation.**

No. 08–4625.

United States Court of Appeals,
Third Circuit.

Argued Nov. 10, 2009.

Opinion Filed: March 26, 2010.

**258**

Philip A. Tortoreti, Esquire, Daniel R. Lapinski, Esquire (Argued), Wilentz, Golman & Spitzer, P.A., Woodbridge, NJ, for Appellant Ruth Koronthaly.

Scott L. Haworth, Esquire (Argued), Nora Coleman, Esquire, Sedgwick, Detert, Moran & Arnold, New York, NY, Anthony J. Anscombe, Esquire, Sedgwick, Detert, Moran & Arnold, LLP, Chicago, IL, James H. Keale, Esquire, Sedgwick, Detert, Moran & Arnold, LLP, Newark, NJ, for Appellee L'Oreal USA, Inc.

Michael R. McDonald, Esquire (Argued), Damian V. Santomauro, Esquire, Gibbons, P.C., Newark, NJ, for Appellee The Procter & Gamble Distributing, LLC.

Before: AMBRO, GARTH, and ROTH, Circuit Judges.

## OPINION

ROTH, Circuit Judge:

Ruth Koronthaly appeals from the District Court's order granting defendant Procter & Gamble Company's ("P & G") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and defendant L'Oreal USA, Inc.'s ("L'Oreal") motion to dismiss pursuant to Rule 12(b)(6). We exercise plenary review over a grant of a motion to dismiss for lack of standing and review the factual elements underlying the standing determination for clear error. *Goode v. City of Phila.*, 539 F.3d 311, 316 (3d Cir.2008). The burden of proving each standing element rests with the plaintiff. *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir.2005). We assume the parties' familiarity with the factual and procedural history, which we describe only as necessary to explain our decision. We will affirm the District Court's order.

Koronthaly purchased lipstick products manufactured, marketed, and distributed by appellees L'Oreal. and P & G. These lipstick products contain lead. The FDA does not regulate the presence of lead in lipstick, but Koronthaly asserts that the lipstick contains lead in far greater amounts than permitted in candy by the FDA. Neither the packaging nor the products themselves contained any indication that the lipstick contained any lead.

Koronthaly did not know when she purchased the products that they contained any lead, and when she learned of the lead content she immediately stopped using them. Moreover, had she known of the lead she would not have purchased the products.

In November 2007, Koronthaly filed a class action complaint in the District Court for the District of New Jersey. She invoked the District Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). After it was amended in March 2008, her complaint asserted claims for: (1) violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8–1 *et seq.;* (2) breach of implied warranty under the New Jersey UCC; (3) breach of implied warranty under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2310(d)(1); (4) strict liability; (5) negligence per se; (6) unjust enrichment; and (7) injunctive relief.

L'Oreal and P & G filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1), respectively. On July 25, 2008, the District Court granted those motions, finding that Koronthaly lacked standing to pursue the action. On October 24, 2008, the District Court denied Koronthaly's motion for reconsideration, and her motion for leave to file a second amended complaint. Koronthaly then filed a timely notice of appeal.

To prove constitutional standing, Koronthaly must demonstrate (1) an injury-in-fact that is actual or imminent and concrete and particularized, not conjectural or hypothetical, (2) that is fairly traceable to the defendant's challenged conduct, and (3) is likely to be redressed by a favorable judicial decision. *Summers v. Earth Island Inst.*, —— U.S. ——, 129 S.Ct. 1142, 1149, 173 L.Ed.2d 1 (2009). In this case, standing founders on the first requirement, injury-in-fact.

■ Koronthaly's argument that she was misled into purchasing unsafe lipstick products is belied by the FDA's report finding that the lead levels in the Defendants' lipsticks were not dangerous and therefore did not require warnings. Moreover, Koronthaly concedes that she has suffered no adverse health effects from using the lipsticks. Koronthaly therefore has asserted only a subjective allegation that the trace amounts of lead in the lipsticks are unacceptable to her, not an injury-in-fact sufficient to confer Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (injury-in-fact must be accompanied by "continuing, present adverse effects") (citation omitted); *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 636 (3d Cir.1996) (Wellford, J., concurring) ("Fear and apprehension about a possible future physical or medical consequence ... is not enough to establish an injury *in fact*.").

■ Furthermore, to the extent that Koronthaly contends that the injury-in-fact was the loss of her "benefit of the bargain," she mistakenly relies on contract law. *See Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319–21 (5th Cir.2002) (plaintiff, whose only claim was that she "would like her money back" for having purchased a product that failed to make certain disclosures and allegedly was defective, did not have an injury-in-fact sufficient to create standing). Her lipstick purchases were not made pursuant to a contract, and therefore she could not have been denied the benefit of any bargain. Absent any allegation that she received a product that failed to work for its intended purpose or was worth objectively less than what one could reasonably expect, Koronthaly has not demonstrated a concrete injury-in-fact.

For the foregoing reasons, we will affirm the order of the District Court granting the Defendants' motions to dismiss.